STATE of Maine

v.

Oliver DANCOES.

Supreme Judicial Court of Maine.

May 31, 1978.

Michael D. Seitzinger (orally), Asst. Atty. Gen., Augusta, for plaintiff.

Ellsworth T. Rundlett, III (orally), Portland, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

DELAHANTY, Justice.

The defendant, Oliver Dancoes, was convicted by a York County Superior Court jury of arson in violation of 17–A M.R.S.A. § 802. By a motion for a judgment of acquittal, the defendant has properly preserved for our consideration the single issue of whether the evidence was sufficient to support the conviction. We deny the appeal.

Section 802 of 17–A M.R.S.A. states in part:

1. A person is guilty of arson if he starts, causes, or maintains a fire or explosion;

A. On the property of another with the intent to damage or destroy property thereon . . . .

In making his assertion of insufficient evidence, the defendant specifically alleges that there was no proof that he "started, caused, or maintained" a fire. Nevertheless, as the presiding Justice correctly recognized in charging the jury, to convict the defendant the State need not prove that the defendant started the fire himself. If the defendant were found to be an accomplice to the crime, he would be guilty of arson. Section 57 of 17–A M.R.S.A. provides in part:

1. A person may be guilty of a crime if it is committed by the conduct of another person for which he is legally accountable as provided in this section.

2. A person is legally accountable for the conduct of another person when:

.    .    .    .    .

C. He is an accomplice of such other person in the commission of the crime, as provided in subsection 3.

3. A person is an accomplice of another person in the commission of a crime if:

A. With the intent of promoting or facilitating the commission of the crime, he solicits such other person to commit the crime, or aids or agrees to aid or attempts to aid such other person in planning or committing the crime. A person is an accomplice under this subsection to any crime the commission of which was a reasonably foreseeable consequence of his conduct

.    .    .    .

Before reviewing the sufficiency of the evidence, we repeat two well-worn rubrics applicable to the present case:

1. The weight and the credibility of a witness' testimony are matters for jury resolution and its determination will not be disturbed unless the evidence is insufficient to justify the verdict. *State v. McDonough*, Me., 350 A.2d 556 (1976).

2. In determining whether there was credible evidence from which the jury would be justified in believing that the defendant was guilty beyond a reasonable doubt, *State v. Lewis*, Me., 373 A.2d 603 (1977), the reviewing court must view the evidence in the light most favorable to the State. *State v. Jackson*, Me., 317 A.2d 814 (1974).

The jury would have been warranted in finding the following facts. Ralph Whitney, age 18, and Mark Duhamel, age 16, visited the defendant at his home on the evening of February 21, 1977. While conversing, the youths consumed some alcoholic beverages. The conversation eventually turned to a lunch stand that the defendant had rented from James Vorias for a three-year period ending in the fall of 1976. Feeling that he had been cheated by Vorias, the defendant wanted to "get even" with him. Dancoes offered Whitney and Duhamel fifty dollars to burn down two buildings owned by Vorias which were located near the lunch stand. The youths had never considered starting the fire before the defendant made his offer. The three then proceeded to discuss methods by which the fire could be set. The defendant indicated that the gasoline should be spread and lit from inside the buildings. Dancoes also advised Whitney and Duhamel to wait until after a tavern located across from the buildings closed for the evening so that no one would spot them setting the fire. After siphoning gasoline from Whitney's automobile, Whitney and Duhamel proceeded to Vorias' property where they set fire to his buildings with matches supplied by the defendant.

The evidence, if believed by the jury, plainly warranted a jury finding that the defendant, with the intent to promote or facilitate the particularized arson, either solicited Whitney and Duhamel to commit the crime or aided them in its planning or both. The ensuing arson, moreover, was a reason-

ably foreseeable consequence of the defendant's solicitation or assistance.[1] In short, the jury had sufficient evidence to conclude beyond reasonable doubt that the defendant was an accomplice to the crime of arson and was therefore guilty of that crime.

The entry is:

Appeal denied.

Judgment affirmed.

---

1. On the facts before us, we have no occasion to further discuss the foreseeability requirement, for whatever may be its outer contours the requirement is satisfied where, as here, the crime for which the accomplice-defendant was tried and convicted was the crime that he intended to promote or facilitate. For a discussion of the limitations on the foreseeability requirement, see W. LaFave & A. Scott, Jr., Criminal Law § 65 at 515–17 (1972).